The next case today is United States v. Robert Corleto, Appeal No. 21-1326. Attorney Miliotis, please introduce yourself for the record and proceed with your argument. May it please the Court, Mark Miliotis, gratefully appearing after two years of hiatus, Your Honor. Thank you for the welcome and thank you for all the members of this Court that have kept this place present so we could appear today. On behalf of Robert Corleto, I think this case involves an approach to the era of digital pervasiveness and the imperative that constitutional standards be applied strictly in this context and that we assure that the steps taken by government agents are taken upon there being specifications and limits that protect the privacy that comes from the contents of cell phone data. This Court began the premise with the Worry case, so-called the Riley endeavor, and established the concerns that are necessary in order to achieve protection of privacy with the amount of evidence and material and data that's in our cell phones. This particular case was a relatively hasty but comprehensive analysis by a single agent who authored the application for the search warrant, planned the execution of the search warrant, executed it himself. The language of the search warrant was derived from his own words. There was no mistake in the agent's understanding of the parameters of what the authority of the search warrant was, and yet, despite there being no application or evidence to support a personal search, this was a personal search. I don't think there's any question that the individual, my client, was seized when the vehicle was seized, and my client was totally under the control of the agent when he seized the cell phone from his person. Without authority, I'm going to... Mr. Miliotis, do you contend that the warrant would not have authorized the police to seize the iPhone if it was sitting on the front seat of the car? I believe that the warrant authorized a seizure of items in the car, yes. So I am not suggesting that that was the nature of this seizure. This was clearly a search of the person, and that distinguishes it from a content search that Your Honor may be referring to in that question. So how about if your client's sitting in the car with the phone in his hand, and they have a warrant to search the car for an iPhone? I think that the necessity that we need to reach here has to be directed to the target. The target of a cell phone is much in the nature, I'd say, and Your Honors have used this, is this a cell phone search is in the same category, certainly, and more. Now you're talking about searching the cell phone. My question had to do, I think... Taking of the object, Your Honor? Yes, if they could search if it was on the front seat of the car. My next question was, could they seize it if it was in the car in his hand as he's sitting in the front seat? No. Well, that then poses a problem. It seems to, if you have a lawful warrant to search for something in a car, and you get there, the rule you seem to be advocating would be if the defendant just managed to pick it up before the police grab it, that all of a sudden they can't get it. And I agree with Your Honor that that is a concern. And why wouldn't that concern be triggered by your contention here? The bright line rule, you know, would be a search of the person. I think the classic cases all address the search of a person being separate and apart. Yabarro is certainly distinguishable, and the government cites a case that might distinguish Yabarro. But this is clearly a search of the person. He's no longer in the vehicle. He's outside the vehicle. If it's in his pocket, is it distinguishing? So the difference between having custody... If the search warrant were for a hat, and he was wearing the hat... I think that the warrant itself would have to give guidance concerning a hat being worn. I think the difference between looking for a hat that's located on the premises, as opposed to being worn, that there needs to be some kind of designation in the application that says there's going to be a hat being worn by somebody, and we can seize it. I think the specificity and the particularity, when you're getting onto a person's personal items, and I think the case that is referenced in the brief of my brother, is that, what about paint chips on clothing? What about clothing? And pretty much, the law is, clothing can't be searched without some specific designation. And the absence of any particularity, and the reason there's no particularity in this, is because there really isn't an investigation. On your point about the pocket and clothing being searched, is there any dispute here about whether the agent went into his pocket and searched inside the pocket? That nobody is claiming that at this point, right? Agent's testimony seems that it was only at the point of the seizure that he's aware of the location of the phone. And so my question is whether the agent searched his pockets. I don't think there's no dispute about that. I don't think the agent touched him, your honor. Yeah, okay. I don't think there's no dispute that he didn't touch them. I think his instructions and orders were in the effect of a search, and he definitely seized it. And I don't think there's any quarrel with the fact that this is a seizure of a person. And it's different than, you know, the court below assesses this as there's no search. I can't see where there's a basis for saying there's no search. Certainly there's a seizure. It also uses consent. The government seems to disavow consent. And I think the reason for that is there was no subsequent warrant for the contents. And if it was a consent search, it would have been outside the parameters of the search warrant. So therefore, the government now has moved away and wants to enforce the McHaley docket. I welcome that because I think the content of the McHaley decision is very favorable because it does distinguish the search here.  This is not an item. This is a cell phone that's on a person. It's a direct seizure from the person, and it requires some specificity and particularization in the warrant in order to get to that point. I don't think we're dealing with a situation where a special relationship was established. The proof at trial, this wasn't raised at all. And the only questions as to the relationship and even the justice below said, I don't know if they're married or not. I don't know. No one knows who lived. There was not any recognizance. There was nothing that established the connection of my client to this vehicle. Did they actually search your client? Or rather, did they see a phone in plain view in your client's hand? The evidence is totally absent of the agent never sees the phone. He couldn't have identified it. And even if he did see it, he couldn't have identified it as an iPhone. And he doesn't, in fact, see anything that brings it within the parameters of the search warrant. He simply asked my client, does he have a phone? And he essentially seizes it. He doesn't examine it. He doesn't determine it. The phone of the wife is seized also. So this is a general approach to taking everything that's identified as an object without specifying with particularity where it ought to be. And I think I forgot to reserve any time. So I'm just going to keep talking, I guess. Let me interrupt you for a second. There's no requirement to use all your time. But let me ask if Judge Lopez has any questions. Yes, thank you. Counsel, I understand you, maybe you were referring to this at the end of your argument. I mean, you make a particularity argument, which I gather you object to the fact that the warrant basically refers to any electronic devices that might be found on the various premises identified, the house and then the two vehicles. So that is part of your argument. Is that correct? I have the sense that you okay. So that is part of your argument, correct? Yes. Okay. What is the specification under the circumstances of a case such as this where there is genuine uncertainty about which of perhaps multiple devices might contain the pornographic material? What is the kind of specificity that you think is necessary in a case such as this? What is that? One of the things about this investigation, Your Honor, is that it is, it's broad. These types of analysis are done broadly and they have to in order to obtain the targeted information. However, this case is totally without any degree of analysis that leads one to believe that a person will have the phone on their body at the time of the search. This is supposedly highly secretive, putting it someplace where no one's going to find it. And here we have somebody in the car with his wife or another person, not his own car. It doesn't behoove one to say that's the location to which this warrant authorizes a specific search. And nothing in the office who has all the ability to make the determination as to are there any people that are going to have phones on their person to which we'll have the incriminating evidence. There's nothing in this. I mean, it could have been, but there wasn't. And the reason there wasn't is because no one even examined the area or any surveillance or looked upon who might be using these cars and looked and saw. The judge says, well, I always keep my cell phone in my car. And yeah, well, we don't have any surveillance or a cognizant says, oh, this individual is keeping his cell phone that he's using in this criminal endeavor in his car. Thank you. Just a question. I thought the record indicated that your client himself stated that he got out of the car. The cell phone was in his hand and he simply handed it over to the agent. Isn't that right? I believe that he has the phone. He says he has the phone in his hand. He might be an error in respect to that. He's probably the least reliable of a reporter of what happened, as opposed to the officer who's experienced in recording information who says it was in his pocket. In any event, my client relinquished the phone at the direction of the agent to the agent. The agent didn't put anything in his application for a search warrant that warranted such an intrusion upon his personal space. There could have been such put in the warrant. We need to protect the content of cell phones. This court was the leader in establishing the necessity for accuracy and particularity in respect to the content of cell phones. This is a vital area of privacy concern, and before the officer intruded upon that privacy, he should have said something in the application for the warrant. Thank you. Thank you. No more questions. Thank you, Mr. Miliotis. Attorney Aframe, on the record to begin your argument. Good morning. Seth Aframe for the United States, and with me at counsel table is AUSA Anna Krasinski. In the argument I just heard, I think there was a confluence of Fourth Amendment points, and I just want to sort of at least clarify what I think is disputed and not disputed here. So there was an investigation. Child pornography production was what was investigated. There was evidence that an iPhone was used. There was evidence that the incriminating conduct was coming from an IP address associated with a particular house. A search warrant is obtained for the house and the two cars associated with the registered to the people who live at the house. So this is not, I heard a lot of discussion of searching cell phones and privacy interests in the warrantless context, as in worried cases like that. That's not what we have here. We have a warrant. So the question then is, when you have a premises warrant, what limitations, at least I think the question is, when you have a premises warrant, what are the limitations when a person is holding an item that is specifically within the four corners of that warrant? And that's the issue that we have here. And this court dealt with that question a long time ago in 1973 in a decision by Judge Coffin. And in that case, Judge Coffin said multiple times for the panel, our decision would not rest on whether the person was holding the briefcase or the briefcase was on the ground. The question was whether that person's briefcase, whether that person had a particular relationship with the place such that his items were thought to be within the scope of the warrant. And in that case, because the person was associated with the business operating out of that place, the special relationship existed. Here, the person is in the car registered to his wife's name at his residence where he and she live. He is in the front passenger seat of the car. That special relationship exists under this court's case. And so just there was no search of the defendant. There was a seizure. The phone was either taken or given. And I'll say taken. The agent says he took the phone from the defendant's hand. But there was no search of the defendant. There was a seizure. And Judge Ciotta, you pointed out the problem of the other rule. And that other rule, I think, does exist in the Seventh Circuit, which is this problem of, oh, you just pick up the incriminating item, and now it's outside the scope of the warrant. And that's not a logical way to proceed. So the limitation is searching a person. A premises warrant does not extend to a search. Judge Coffin's opinion specifically notes that, but then says physical possession is not the essential issue. The essential issue is association of the person appropriately to the place. And that exists here. So that is the government's argument on the seizure of the phone from the defendant's hand. I'm turning, if there are no questions on that, I'll turn to the question of the scope of the warrant. And I think Judge Lopez gets to the heart of the question, which is, what level of specificity on the electronic devices to be seized are required in this kind of case? And in a case decision by Judge Boudin, the point was made that law enforcement can do to try to identify the items to be seized, but sometimes you can't know which phone, which computer. And as Judge Lopez just pointed out, it can be multiple computers that are housing the child pornography. In here, what's known is the location from the IP address in which the accriminating conduct is emanating. It's known that it's done by electronic devices. There really is no way that law enforcement ex-ante can say, we know for sure it's only that iPad. It's only that iPhone. Because, of course, these things can be copied, moved in a blink of an eye. So it is as specific as it can be, given the facts and circumstances of the case. And that is appropriate. That is sufficiently particular under the Fourth Amendment. Turning from that to the question of whether the car could be searched because it was moving as opposed to parked, the warrant doesn't place a requirement on where the car is when it's searched. The idea in the warrant affidavit is a place that a person might keep, conceal, a iPhone,  but it's also common that it could be in a car and the affidavit based on the agent's training and experience says that's a place where you might conceal or keep an item that could be used to transmit pornographic images. And so it doesn't matter whether the car is parked in front of the house or moving. It still presents a repository for the items that were being searched for. So for that reason, that argument, I don't think, holds water. And the last argument is whether the defendant was seized at the scene, subject to a de facto arrest, such that he was entitled to Miranda. None of the sort of court's factors to look at for a de facto arrest exist here. And I would also point out, most prominently, the defendant volunteered the statement that's most at issue, which is he went up to the agent and said, what you're looking for is on the iPhone. That wasn't the subject of inquiry. That was just volunteered by the defendant. So I think those are the arguments that the defendant raises in his brief. And if the court doesn't have any questions, I'm content to rest on the brief. Regarding the car, I could see how one would expect it would be in the car if the person who owned the iPhone was in the car. It would be on him or her. What's the basis? Is it just the officer's experience for anticipating the possibility the iPhone would just be in the car without the owner? But the affidavit says it is based on his training and experience. People will keep, not necessarily conceal, but will keep, store, leave small electronic devices that they have in their vehicles. And so on that basis, the warrant was issued. And this car is associated with the house in the name of someone with the exact same last name as him registered to that address. I think it's a reasonable assumption that that's his wife's car. And I think it's logical to say that in that scenario, it could be in either the car registered in his name or the car registered in her name. And at least that's what the magistrate judge signed off on. I don't think that's unreasonable. And so at a minimum, good faith would apply. But I don't think that's even without good faith. I don't think that's an illogical conclusion such that it was wrong for the magistrate to sign off on that. Judge Lopez, do you have any questions? No, no questions. Thank you. Thank you. Thank you, Mr. Afram. That concludes argument in this case.